**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

HERBERT DUBOSE, ET AL.                                                                                    PLAINTIFFS

vs.                                                                              CIVIL ACTION NO. 3:01-cv-201WS

MERCHANTS AND FARMERS BANK, ET AL.                                              DEFENDANTS

**<u>ORDER</u>**

Before this court once again is a motion of the defendants in the above styled and numbered cause to reconsider this court's motion to remand this cause to the Circuit Court of Holmes County, Mississippi. Additionally, the defendants seek interlocutory appeal[1] to the United States Court of Appeals for the Fifth Circuit in the event this court does not permit removal based on the doctrine of complete preemption.[2] Previously, this

---

[1]Title 28 U.S.C. § 1292(b) states that, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

[2]Complete preemption of federal law over state law arises only in "extraordinary" situations, *Metropolitan Life Insurance Company v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims. *Id.*, (where Congress intends not only to preempt certain state law, but also to replace it with federal law). The United States Supreme Court so far has identified only three federal statutes that satisfy this test: (1) Section 301 of the Labor-Management Relations Act, Title 29 U.S.C. § 185; (2) Section 502 of the Employee Retirement Income Security Act of 1974, Title 29 U.S.C. § 1132; and now (3), the usury provisions of the National Bank Act, 12 U.S.C. §§ 85, 86. *Beneficial National Bank v. Anderson*, 123 S.Ct. at 2062-64.

court decided to remand this lawsuit to state court pursuant to the doctrines of mandatory, permissive and equitable remand arising from Title 28 U.S.C. §§ 1452(b) (remand) and 1334(c) (abstention).  Subsequently, the defendants again touted removal to this court based upon the United States Supreme Court's decision in *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).  *Beneficial* addressed whether state law usury claims against a national bank could be removed to federal court based on complete preemption by the National Bank Act, §§ 85 and 86.  Finding that a state claim could be removed to federal court:  "[1] when Congress expressly so provides, or [2] when a federal statute wholly displaces the state-law cause of action through complete pre-emption," the Supreme Court found that Sections 85 and 86 of the National Bank Act completely preempted state law usury claims against a *national bank*, and therefore, removal was appropriate.  *Id.*, 123 S.Ct. at 2063.

This court rejected the application of the *Beneficial* decision to the facts of the instant case.  Merchants and Farmers Bank is a state-chartered bank.  In *Beneficial*, a national bank chartered under the National Bank Act, was the defendant.  *Beneficial*, 123 S.Ct. at 2060-61.  Clearly, the question of the National Bank Act's complete preemption of state claims against the national bank was the primary issue from the face of the complaint.  *Id.* at 2060.

Not to be deterred, the defendants held forth the Depository Institution Deregulation Act ("DIDA"), Title 12 U.S.C. § 1831d,[3] a statute which was not before the

---

[3]Title 12 U.S.C. § 1831d provides:  (a) Interest rates --

In order to prevent discrimination against State-chartered insured depository institutions, including insured savings banks, or insured branches of foreign banks with respect to interest rates, if the applicable

2

*Beneficial* Court. Defendants asserted that since DIDA is patterned after §§ 85 and 86 of the National Bank Act, there is a federal cause of action in this case based on complete preemption. This court rejected that argument. The defendants cited no case which interpreted the United States Supreme Court decision in *Beneficial* to apply to DIDA as well as to §§ 85 and 86 of the National Bank Act.

Now, the defendants question this court's previous findings with the argument that Merchants and Farmers Bank may be state-chartered, but it is federally insured and, as such, is subject to the rationale set forth in *Beneficial*, and to the complete preemption of DIDA over the state claims of usury in this dispute. In an attempt to find persuasive authority, the defendants have cited the Fifth Circuit case of *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003) (a Carmack Amendment case), a decision cited by the defendants as an intervening change in the law of complete preemption as applied in the Fifth Circuit. Specifically, the defendants contend that a the analysis used by the Fifth

---

rate prescribed in this subsection exceeds the rate such State bank or insured branch of a foreign bank would be permitted to charge in the absence of this subsection, such State bank or such insured branch of a foreign bank may, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at a rate of not more than 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where such State bank or such insured branch of a foreign bank is located or at the rate allowed by the laws of the State, territory, or district where the bank is located, whichever may be greater.

(b) Interest overcharge; forfeiture; interest payment recovery --

If the rate prescribed in subsection (a) of this section exceeds the rate such State bank or such insured branch of a foreign bank would be permitted to charge in the absence of this section, and such State fixed rate is thereby preempted by the rate described in subsection (a) of this section, the taking, receiving, reserving, or charging a greater rate of interest than is allowed by subsection (a) of this section, when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. If such greater rate of interest has been paid, the person who paid it may recover in a civil action commenced in a court of appropriate jurisdiction not later than two years after the date of such payment, an amount equal to twice the amount of the interest paid from such State bank or such insured branch of a foreign bank taking, receiving, reserving, or charging such interest.

Circuit to determine the application of complete preemption was overruled by the *Hoskins* decision.

In *Hoskins*, the Fifth Circuit held that the Carmack Amendment completely preempted all state law and federal common law claims for "loss or damages to goods arising from the interstate transportation of those goods by a common carrier" and, therefore, such claims "arise under federal law and could be removed to federal court. *Id*., at 778 (quoting Beneficial, 539 U.S. at 5, 123 S.Ct. at 2064). The facts of *Hoskins* reveal that the plaintiff filed suit in Texas state court against the defendant common carrier for damages stemming from the loss or damage to her personal belongings that occurred during her move from Texas to Virginia. *Id*. at 771. The plaintiff's original state court complaint alleged negligence, breach of contract, and Texas Deceptive Trade Practices Act claims against the defendant, but did not affirmatively present any federal claim. The defendant removed to federal court pursuant to Title 28 U.S.C. § 1441, based on federal question, citing the Carmack Amendment as the basis for removal because the plaintiff sought "to impose liability arising out of the interstate transportation of goods by a common carrier." *Id.* The motion to remand was denied and the case was resolved based on the Carmack Amendment. On appeal, the Fifth Circuit ruled that removal was proper because, based on United States Supreme Court and Fifth Circuit precedent, "Congress intended the Carmack Amendment to provide the exclusive cause of action" for such claims. *Id*. at 777-78. Guided by the Supreme Court's complete preemption analysis in *Beneficial*, the *Hoskins* Court noted that, " 'the proper inquiry [in assessing the propriety of removal] focuses on whether Congress intended the federal cause of action

4

to be exclusive rather than on whether Congress intended the cause of action to be removable ...' " *Id.* at 775-76.

In the instant case this court is presented no precedent establishing that DIDA applies by complete preemption to state law usury claims against state-chartered banks that are federally insured. The presence of federal insurance for deposits at Merchants and Farmers Bank is no proof of an intent by Congress to make DIDA an exclusive remedy for state law usury claims against state-chartered banks. This court finds no persuasive basis for establishing such a precedent. Therefore, the defendants' motion to reconsider and the motion to pursue an interlocutory appeal [**Docket No. 51-1&2**] is denied.

**SO ORDERED this the 6th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF  UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:01-cv-201WS
Order